No. 2--06--0725     Filed:  6-5-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--DT--1422 |
| JOHN J. WEATHERSBY, | ) ) | Honorable Allen M. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, John J. Weathersby, appeals from his conviction of driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2004)) and from his sentence of 18 months' supervision and court-ordered restitution, fines, and costs.  On appeal, defendant argues that: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) the trial court erred by admitting horizontal gaze nystagmus (HGN) testing into evidence without a Frye hearing; (3) the order of restitution to the Kane County DUI Task Force was improper; and (4) he is entitled to $80 credit toward his $200 fine.  We affirm as modified in part and vacate in part.

FACTS

The following facts are taken from a bystander's report signed by both defense counsel and the assistant State's Attorney.  Montgomery police officer John Fritz testified that he saw defendant

driving on the afternoon of October 2, 2005, and confirmed via radio dispatch that defendant's license had been suspended. There was a female passenger in defendant's front passenger seat. Officer Fritz followed defendant for several blocks but did not see defendant violate any traffic laws. Officer Fritz eventually activated his overhead lights, and defendant pulled into a driveway and waited for Officer Fritz to approach. While speaking with defendant, Officer Fritz noticed that defendant was "thick-tongued," his eyes were "glassy," and his breath smelled of alcohol. Officer Fritz asked defendant if he had been drinking and defendant responded that he had had "a few."

Officer Fritz testified that he saw a partially full bottle of malt liquor sitting next to defendant on the front seat of defendant's car. The 22-ounce bottle was three-fourths empty and defendant admitted that it was his. There were two other bottles of alcohol in the car. The female passenger said that the two bottles belonged to her. Officer Fritz ordered defendant out of the car. Because one of defendant's legs had been amputated, he used the car to support himself. Officer Fritz testified that defendant followed all his instructions.

Officer Fritz testified that he arrested defendant and took him to the Montgomery police station. While defendant was alone in the booking room, he fell asleep on a wooden bench. Officer Fritz testified that it is not uncommon for an arrestee to fall asleep on the booking room bench. After 20 minutes, Officer Fritz awakened defendant and asked him to take a Breathalyzer test. Defendant refused to do so. Officer Fritz testified that defendant's speech was still "thick-tongued." Fritz believed that defendant was "unfit to drive" and "under the influence of alcohol."

Officer Fritz testified that he received field sobriety training from the Illinois State Police five years earlier. He explained that the HGN test is an indicator of alcoholic influence and that "6 clues" indicates a blood alcohol level of .08 or above. He performed the HGN test on defendant.

Officer Fritz believed that defendant failed the test, because Officer Fritz saw "distinct nystagamos [sic]" in both of defendant's eyes.

Montgomery police sergeant Linda Arnold testified that she assisted Officer Fritz after he pulled defendant's car over. Sergeant Arnold saw defendant and testified that he had "glassy, bloodshot eyes and a smell of alcohol." Sergeant Arnold heard defendant say he had had "a few beers." Sergeant Arnold did not see defendant drive, but she believed he was unfit to drive because he was "under the influence of alcohol."

Defendant presented no witnesses. A jury found defendant guilty of DUI. The trial court sentenced defendant to 18 months' supervision, fined him $200, assessed costs of $300, and imposed a $100 trauma center fee, a $150 DUI crime lab fee, and a $500 fee to be paid to the DUI prevention fund. The trial court also ordered defendant to pay $100 restitution to the Kane County DUI Task Force.

Defendant filed this timely appeal.

## ANALYSIS

### I. Sufficiency of Evidence

On appeal, defendant first contends that the State failed to prove him guilty beyond a reasonable doubt of DUI. In support of that contention, defendant argues that Officer Fritz's observations of defendant, that he had "thick-tongued speech" and "glassy" eyes, were ambiguous and highly subjective. Defendant contends that the State failed to establish that Officer Fritz was familiar with what defendant's speech ordinarily sounded like or what his eyes ordinarily looked like. Defendant points out that he did not violate any traffic laws; he was cooperative; and the only sobriety test performed on defendant was the HGN test, which was inadmissible and unduly prejudicial.

Our review of this case requires us to apply the standard of whether any reasonable fact finder could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution. People v. Collins, 106 Ill. 2d 237, 261 (1985). "In conducting this inquiry, the reviewing court must not retry the defendant." People v. Cunningham, 212 Ill. 2d 274, 279 (2004). Rather, the reviewing court must examine the record, keeping in mind that it was the trier of fact who saw and heard the witnesses. Cunningham, 212 Ill. 2d at 280. A reviewing court may not substitute its judgment for that of the trier of fact on questions of the weight of the evidence, the credibility of the witnesses, or the resolution of conflicting testimony. People v. Kotlarz, 193 Ill. 2d 272, 298 (2000). Testimony may be found insufficient only where it is clear from the evidence in the record that no reasonable person could accept it. Cunningham, 212 Ill. 2d at 280.

Section 11--501(a)(2) of the Illinois Vehicle Code provides that an individual "shall not drive or be in actual physical control of any vehicle within this State" while such individual is "under the influence of alcohol." 625 ILCS 5/11--501(a)(2) (West 2004). A defendant is guilty of DUI if the State proves that he was under the influence of alcohol to a degree that rendered him incapable of driving safely. People v. Gordon, 378 Ill. App. 3d 626, 631-32 (2007).

The State may prove a defendant guilty of DUI based upon circumstantial evidence. People v. Diaz, 377 Ill. App. 3d 339, 345 (2007). "Circumstantial evidence is proof of certain facts and circumstances from which the fact finder may infer other connected facts which usually and reasonably follow from the human experience and is not limited to facts that may reasonably have alternative, innocent explanations." Diaz, 377 Ill. App. 3d at 345. The State must prove each element of the charged offense beyond a reasonable doubt. Diaz, 377 Ill. App. 3d at 345.

The fact that a defendant committed no traffic violations and was cooperative does not preclude a DUI conviction. For example, in People v Sturgess, 364 Ill. App. 3d 107 (2006), the defendant's conviction of DUI was affirmed by the appellate court even though she did not violate any traffic laws and was cooperative with the officer. The court noted that the evidence showed that the defendant had a strong odor of alcohol, slurred speech, and bloodshot eyes and that she failed a field sobriety test and refused to take a Breathalyzer test. Sturgess, 364 Ill. App. 3d at 110, 115-16.

After pulling defendant's vehicle over, Officer Fritz observed that defendant had glassy eyes, thick-tongued speech, and a smell of alcohol on his breath. Similar evidence has been sufficient to sustain DUI convictions in Illinois. See, e.g., Diaz, 377 Ill. App. 3d. at 345 (the defendant's DUI conviction was affirmed where an officer testified that the defendant had bloodshot eyes, "mumbled" speech, a "moderate" odor of alcohol, and a balance problem as he exited his vehicle and that he failed to complete a one-leg-stand test); see also People v. Mathews, 304 Ill. App. 3d 514, 516 (1999) (the defendant's conviction of DUI was affirmed where an officer testified that the defendant appeared intoxicated and had an odor of alcohol, poor speech, poor balance, and a poor manner of walking). In addition, in this case, defendant refused to take a Breathalyzer test. Such a refusal is circumstantial evidence of a defendant's consciousness of his own guilt. People v. Johnson, 218 Ill. 2d 125, 140 (2005). Defendant also had in his car a 22-ounce bottle of malt liquor that was three-fourths empty, and defendant admitted to Officer Fritz that it was his. Defendant also admitted to Officer Fritz that he had "had a few" drinks. Defendant offered nothing to contradict the State's evidence.

Defendant relies on People v. Barham, 337 Ill. App. 3d 1121 (2003), which reversed a defendant's conviction of reckless homicide, noting that there was conflicting evidence about the

amount of alcohol the defendant had consumed and that there was no evidence that he drove erratically, acted inappropriately, or displayed any other typical characteristics of intoxication. Barham, 337 Ill. App. 3d at 1131-32, 1136. However, defendant ignores that the appellate court also noted that there was no evidence that the defendant had glassy eyes, had slurred speech, or otherwise appeared intoxicated. Barham, 337 Ill. App. 3d at 1131. In contrast, in this case there was such testimony by Officer Fritz and Sergeant Arnold. Therefore, Barham is factually distinguishable from the case at bar and is not applicable to this case.

Viewed in the light most favorable to the prosecution, the evidence in this case was not so improbable or unsatisfactory as to raise a reasonable doubt of defendant's guilt. The uncontroverted evidence presented against defendant was sufficient to convict him, without the findings of the HGN test, which we will discuss next.

## II. Horizontal Gaze Nystagmus Test

### A. Frye Hearing

Defendant further contends that reasonable doubt arises from Officer Fritz's testimony regarding the HGN test administered to defendant, which we did not consider in making our determination in the previous analysis. Defendant argues that the trial court erred by admitting the HGN test as scientific evidence without first holding a Frye hearing to determine its admissibility. See Frye v. United States, 293 F. 1013 (D.C. Cir. 1923). In Illinois, generally, a Frye hearing must be held when a party wants to admit purported scientific evidence. Frye holds that scientific evidence is admissible only if the methodology or scientific principle involved is sufficiently established and has gained general acceptance in the particular field in which it belongs. Frye, 293 F. at 1014.

On September 27, 2007, the Supreme Court of Illinois addressed the issue of the general acceptance of HGN testing. People v. McKown, 226 Ill. 2d 245 (2007). The court in McKown held

that a Frye hearing must be held to determine whether the HGN test has been generally accepted as a reliable indicator of alcohol impairment. McKown, 226 Ill. 2d at 275.

In the instant case, we must follow the precedent of our supreme court and conclude that a Frye hearing should have been held before Officer Fritz was permitted to testify regarding the result of the HGN test. See McKown, 226 Ill. 2d at 275. Such a hearing was necessary to determine if the HGN test had been generally accepted as a reliable indicator of alcohol impairment. See McKown, 226 Ill. 2d at 275.

### B. Plain Error

Defendant argues that the court erred when it admitted the result of the HGN test and that this error warrants a new trial. The State contends that defendant waived this argument because defendant failed to object to the admission of the evidence, failed to request a Frye hearing, and failed to raise the issue in his posttrial motion. Defendant responds that we should address the issue because it rises to the level of plain error. In the alternative, defendant argues that his trial counsel was ineffective for not challenging the admissibility of the HGN testimony.

Plain error is a limited and narrow exception to the general waiver rule, invoked only where: (1) the evidence is closely balanced; or (2) the alleged error is so substantial that it deprives the defendant of a fair trial. 134 Ill. 2d R. 615(a); People v. Herron, 215 Ill. 2d 167, 186-87 (2005). Regarding the first prong, the defendant must prove both that the trial court committed an error and that the error was prejudicial. People v. Piatkowski, 225 Ill. 2d 551, 565 (2007). An error is prejudicial only if the evidence is so closely balanced that the error alone severely threatens to tip the scales of justice against the defendant. Piatkowski, 225 Ill. 2d at 565. Therefore, if the evidence is not closely balanced but, rather, is strongly weighted against the defendant, prejudicial error cannot be established. See Piatkowski, 225 Ill. 2d at 565. Regarding the second prong, the defendant must

prove that the trial court committed an error and that the error was so serious that it affected the fairness of the trial and "challenged the integrity of the judicial process." Piatkowski, 225 Ill. 2d at 565. Because the right involved is so important, prejudice to the defendant is presumed, regardless of the strength of the evidence. Herron, 215 Ill. 2d at 186-87.

Here, defendant argues only the first prong of the plain-error test. We have already determined that error occurred in the instant case. Specifically, the trial court erred by admitting the HGN evidence without conducting a Frye hearing. See McKown, 226 Ill. 2d at 275.[1]

Although there was error, the error was not prejudicial and it will not result in a remand in this case, because the evidence was not closely balanced. In this case, the State presented evidence that defendant had thick-tongued speech, glassy eyes, and a smell of alcohol on his breath. He admitted to having had a few drinks, had an open 22-ounce bottle of malt liquor that was three-fourths empty, and refused to take a Breathalyzer test. This evidence was not refuted and, thus, we believe that the evidence was not closely balanced. The HGN evidence was merely cumulative; had defendant objected to the evidence, and had it been excluded, the result would not have been different. Therefore, because the error was not prejudicial, the error does not warrant a new trial.

### C. Effective Assistance

Next, defendant argues that he was denied effective assistance of counsel because his trial counsel failed to request a Frye hearing before admission of the HGN evidence. A defendant has the constitutional right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970,

---

[1]However, we note that, at the time of the trial, the presiding trial judge did not have the benefit of the McKown opinion and our appellate court had divergent opinions on this issue.

art. I, §8; <u>Strickland v. Washington</u>, 466 U.S. 668, 687-89, 80 L. Ed. 2d 674, 693-95, 104 S. Ct. 2052, 2064-65 (1984); <u>People v. Gaines</u>, 105 Ill. 2d 79, 86 (1984).

In determining whether a defendant was denied effective assistance of counsel, we apply the two-prong test set forth in <u>Strickland</u> and adopted by the Illinois Supreme Court in <u>People v. Albanese</u>, 104 Ill. 2d 504 (1984). First, a defendant must show that his counsel's representation fell below a reasonable standard. <u>Strickland</u>, 466 U.S. at 687-88, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Second, a defendant must establish that the deficient representation resulted in prejudice. <u>Strickland</u>, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Both prongs of the <u>Strickland</u> test must be satisfied to establish ineffective assistance of counsel. <u>Albanese</u>, 104 Ill. 2d at 525-27. In determining whether a defendant has received ineffective assistance of counsel, a reviewing court may review either prong first, and the court need not consider both prongs of the standard if a defendant fails to show one prong. <u>Strickland</u>, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

In this case, defendant cannot establish the second prong of the <u>Strickland</u> test because he fails to demonstrate prejudice. A defendant is prejudiced if there is a reasonable probability that the outcome of the trial would have been different or that the result of the proceeding was unreliable or fundamentally unfair. <u>Strickland</u>, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064; <u>People v. Evans</u>, 209 Ill. 2d 194, 220 (2004). Such a reasonable probability "is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Defendant did not suffer prejudice from the alleged error made by his counsel either by failing to request a <u>Frye</u> hearing or by failing to object to the admission of the HGN test result. As explained earlier in this opinion, the State produced enough evidence without the HGN test result to convict defendant of DUI. A court may rely on the observations of a trained police officer in making

a judgment about a defendant's level of intoxication. Gordon, 378 Ill. App. 3d at 638. The officers' unrefuted testimony was more than sufficient to prove beyond a reasonable doubt that defendant was guilty of DUI. Therefore, because the court had sufficient evidence to prove guilt beyond a reasonable doubt without the HGN test result, defendant fails to demonstrate that the outcome of his trial would have been different even if his counsel had not made the alleged error. See Gordon, 378 Ill. App. 3d at 640. Moreover, the record does not reflect that the result of the trial was unreliable or fundamentally unfair. Therefore, applying the Strickland test, we hold that defendant was not deprived of the effective assistance of counsel.

### III. Restitution

Defendant argues that the trial court erred by ordering him to pay $100 restitution to the Kane County DUI Task Force, because the Kane County DUI Task Force is not entitled to restitution under section 5--5--6 of the Unified Code of Corrections (730 ILCS 5/5--5--6 (West 2004)). The State concedes that this portion of the trial court's order was not authorized and should be vacated. We agree, following People v. Velez, 336 Ill. App. 3d 261, 267 (2003) (a law enforcement agency is not entitled to restitution for performing its basic function of investigating and solving crimes). In this case, the State did not establish that defendant's offense proximately caused the Kane County DUI Task Force any out-of-pocket expenses, losses, damages, or injuries. See 730 ILCS 5/5--5--6(a), (b) (West 2004); People v. Danenberger, 364 Ill. App. 3d 936, 941 (2006). Accordingly, the trial court lacked the authority to enter the restitution order, and we vacate that part of the judgment.

### IV. Credit Toward Fine

Finally, defendant argues, and the State concedes, that he is entitled to a $5 credit for each of the 9 days he spent in custody while awaiting release before trial and the 7 days while awaiting sentencing; a total of 16 days. Section 110--14 of the Code of Criminal Procedure of 1963 provides

that a defendant is entitled to a $5 credit for each day spent in custody.   See 725 ILCS 5/110--14 (West 2004).  We, therefore, modify the sentencing order to reflect an $80 credit toward the $200 fine the trial court imposed on defendant.

For these reasons, the judgment of the circuit court of Kane County is affirmed as modified to reflect an $80 credit, and the restitution order is vacated.

Affirmed as modified in part and vacated in part.

BOWMAN and ZENOFF, JJ., concur.