NO. 4-08-0838          Filed 12/8/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellee,          )   Circuit Court of
          v.                           )   Clark County
BILLY L. HIRES,                        )   No. 07CF106
          Defendant-Appellant.         )
                                       )   Honorable
                                       )   Tracy W. Resch,
                                       )   Judge Presiding.
_____

          JUSTICE STEIGMANN delivered the opinion of the court:

          In October 2007, the State charged defendant, Billy L.

Hires, with one count of aggravated driving under the influence

of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2006), as amended

by Pub. Act 95-149, §5, eff. August 14, 2007 (2007 Ill. Legis.

Serv. 1529, 1529-60 (West))) and one count of driving while

license is revoked (DWR) (625 ILCS 5/6-303(a) (West 2006)).  A

jury found him guilty, and the trial court later sentenced

defendant to 24 years in prison.

          Defendant appeals, arguing that the State failed to

prove him guilty of DUI beyond a reasonable doubt.  We disagree

and affirm.

I. BACKGROUND

          In October 2007, Westfield police chief Michael Duvall

observed a maroon Ford minivan--which he later determined was

driven by defendant--swerving from the southbound lane of Route

49 into the northbound lane.  Duvall followed the van.  While

doing so, Duvall checked the van's license plate, which came back expired. Duvall then executed a traffic stop. After Duvall asked defendant for his driver's license, defendant stated his license was revoked.

Duvall was the sole witness at defendant's June 2008 trial. Duvall testified that defendant produced an identification card in lieu of a driver's license. As defendant retrieved the card from his wallet, Duvall noticed that (1) defendant (a) "fumbled" for his paperwork and (b) had slurred speech and (2) "the odor of an alcoholic beverage" emanated from the van. Duvall asked defendant if he had been drinking, and defendant admitted consuming "four or five beers." Duvall asked defendant to exit the van to perform field-sobriety tests. As he rose from the driver's seat, defendant stumbled and nearly fell to the ground.

Once defendant moved to the back of his van, Duvall administered two field-sobriety tests. First, Duvall instructed defendant to perform the one-legged stand. After reading instructions to defendant, Duvall asked defendant if any disabilities would impair defendant's performance of the test. Defendant informed Duvall he had a "bad hip" but that his condition would not prevent him from performing either test. Bad hip notwithstanding, defendant attempted the test. However, defendant was unable to perform the one-legged stand, losing his balance as soon as he lifted his foot. Duvall terminated the test, read defendant instructions on how to perform the next test--the "walk

- 2 -

and turn"--and then demonstrated the test.  Although Duvall allowed defendant two opportunities to complete the walk and turn, defendant was unable to complete it.  Duvall terminated the test and arrested defendant for DUI and DWR.  After Duvall handcuffed defendant and placed him in the back of the squad car, defendant became "belligerent," refused to cooperate, and swore repeatedly. (We note that defendant refused to submit to a Breathalyzer at the police station.)

Based on the above evidence, the jury found defendant guilty of one count of DUI (625 ILCS 5/11-501(a)(2) (West 2006), as amended by Pub. Act 95-149, §5, eff. August 14, 2007 (2007 Ill. Legis. Serv. 1529, 1529-60 (West))) and one count of DWR (625 ILCS 5/6-303(a) (West 2006)).  Due to defendant's eight prior DUI convictions and seven prior DWR convictions, the trial court determined defendant was eligible for Class X sentencing on the DUI count (see 625 ILCS 5/11-501(d)(2)(E) (West 2008), as amended by Pub. Act 95-149, §5, eff. August 14, 2007 (2007 Ill. Legis. Serv. 1529, 1529-60 (West))) and Class 4 sentencing on the DWR count (see 625 ILCS 5/6-303(d-3) (West 2006)).  Therefore, the court sentenced defendant to concurrent terms of 24 years in prison on the DUI count and 3 years in prison on the DWR count.

This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant argues that the State failed to prove him guilty beyond a reasonable doubt of DUI.  Specifically, defendant contends that (1) Officer Duvall's observations of

defendant's behavior the night of the arrest do not show defendant was intoxicated and (2) the field-sobriety tests Duvall administered are unreliable.  We address defendant's contentions in turn.

### A. Standard of Review

The standard of review for a challenge to the sufficiency of the evidence is "'"whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' (Emphasis omitted.)  [Citations.]" People v. Collins, 214 Ill. 2d 206, 217, 824 N.E.2d 262, 267 (2005).  A reviewing court will not retry a defendant and "will not reverse a conviction unless the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of [the] defendant's guilt."  Collins, 214 Ill. 2d at 217, 824 N.E.2d at 267-68.

### B. The Crime of DUI

Section 11-501(a)(2) of the Illinois Vehicle Code prohibits individuals from "driv[ing] or be[ing] in actual physical control of any vehicle *** while *** under the influence of alcohol."  625 ILCS 5/11-501(a)(2) (West 2006), as amended by Pub. Act 95-149, §5, eff. August 14, 2007 (2007 Ill. Legis. Serv. 1529, 1529-60 (West)).  A defendant is under the influence when, as a result of consuming alcohol or any other intoxicating substance, "'his mental or physical faculties are so impaired as to reduce his ability to think and act with ordinary care.'"

People v. Gordon, 378 Ill. App. 3d 626, 631, 881 N.E.2d 563, 567 (2007), quoting Illinois Pattern Jury Instructions, Criminal, No. 23.29 at 203 (4th ed. 2000). Intoxication is a question of fact, which is the trier of fact's responsibility to resolve, as well as assessing the credibility of the witnesses and determining the sufficiency of the evidence. People v. Janik, 127 Ill. 2d 390, 401, 537 N.E.2d 756, 761 (1989).

To prove that a defendant committed the crime of DUI, the State may rely on circumstantial evidence. People v. Diaz, 377 Ill. App. 3d 339, 345, 878 N.E.2d 1211, 1216 (2007). The testimony of the arresting officer by itself may be sufficient to sustain a DUI conviction. People v. Hostetter, 384 Ill. App. 3d 700, 712, 893 N.E.2d 313, 323 (2008). Moreover, "a defendant's refusal to submit to *** testing has 'some tendency to indicate a consciousness of guilt' and is thus relevant and admissible in a DUI prosecution." People v. Jones, 214 Ill. 2d 187, 201-02, 824 N.E.2d 239, 247 (2005), quoting People v. Edwards, 241 Ill. App. 3d 839, 843, 609 N.E.2d 962, 966 (1993).

### C. Defendant's Challenge to the Sufficiency of the Evidence in This Case

#### 1. Defendant's Claim That Duvall's Observations Do Not Show That Defendant Was Intoxicated

In this case, defendant first contends that Duvall's testimony does not support the conclusion that defendant was intoxicated. Instead, defendant asserts that Duvall's testimony merely supports the conclusion that defendant consumed "some alcohol." The State responds that Duvall's testimony "overwhelm-

ingly supported the jury's verdict."  We agree with the State.

Here, Duvall's observations--which he related to the jury--demonstrated that defendant was intoxicated.  Duvall observed defendant repeatedly swerving his van over the centerline of the highway.  Once he initiated a traffic stop, Duvall said he smelled alcohol and noticed that defendant was slurring his speech and had difficulty pulling his identification card out of his wallet.  Duvall also watched as defendant stumbled out of the driver's seat, nearly falling to the ground.  Duvall explained that once out of the vehicle, defendant was incapable of performing two separate field-sobriety tests.  Though defendant claimed to have a bad hip, he told Duvall that his condition would not prevent him from performing either test.  Further, defendant refused to submit to Breathalyzer testing.  Based on this evidence, a rational jury could reasonably have inferred that defendant's erratic driving, slurred speech, and poor coordination stemmed from intoxication.

### 2. Defendant's Claim That the Field-Sobriety Tests Were Unreliable

Defendant also contends the field-sobriety tests administered by Duvall "cannot be considered to have proved intoxication."  Defendant cites the National Highway and Traffic Safety Administration DWI Detection and Standardized Field Sobriety Testing Manual for the proposition that field-sobriety tests must be performed under standardized conditions.  Because the State presented no evidence as to the conditions under which Duvall performed the one-legged-stand and walk-and-turn tests, defendant

- 6 -

contends his "performance is not probative evidence of impairment."  Defendant additionally cites numerous scientific studies in support of his claim that field-sobriety tests are unreliable.  Implicit in defendant's contentions are the following:  (1) when --as in this case--field-sobriety tests are not performed under standardized conditions (whatever they might be), the results of such tests should be deemed inadmissible; and (2) even if such tests are admissible, they are insufficient, standing alone, to justify an intoxication finding.  What defendant is really saying is that as laypersons, jurors are ill-equipped to evaluate this type of evidence.  We reject all of defendant's contentions in this regard.

In People v. Sides, 199 Ill. App. 3d 203, 206-07, 556 N.E.2d 778, 779-80 (1990), this court held that "[n]o expert testimony is needed nor is a showing of scientific principles required before a jury can be permitted to conclude that a person who performs badly on the field-sobriety tests may have his mental or physical faculties 'so impaired as to reduce his ability to think and act with ordinary care.'"  Instead, when determining whether a defendant committed the crime of DUI, jurors may use their "common observations and experiences in life[, which] would include not only the driving of an automobile[] but [also] a familiarity with the degree of physical and mental acuity required to do so."  Sides, 199 Ill. App. 3d at 206, 556 N.E.2d at 779.  We reaffirm our holding in Sides.

Here, Duvall testified that defendant's poor balance

rendered him unable to complete either field-sobriety test. Thus, the jury's inference is entirely justified that defendant's difficulty in performing some of the tasks necessary for the tests revealed a similarly impaired ability to think and act with ordinary care when operating his vehicle.

We also note that defendant appears to be suggesting that expert testimony is required (1) to gauge the reliability of field-sobriety tests and (2) to confirm that such tests were administered properly. We emphatically disagree. Based upon our analysis in Sides (which we now reaffirm), we reiterate that the trier of fact needs no expert assistance to explain the significance of behavior like defendant's when deciding whether a driver's "'mental or physical faculties are so impaired as to reduce his ability to think and act with ordinary care.'" Gordon, 378 Ill. App. 3d at 631, 881 N.E.2d at 567, quoting Illinois Pattern Jury Instructions, Criminal, No. 23.29 (4th ed. 2000).

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

MYERSCOUGH, P.J., and APPLETON, J., concur.