# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Utsinger*, 2013 IL App (3d) 110536

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LYLE D. UTSINGER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0536 |
| Filed | May 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for reckless driving and sentence to court supervision, the appellate court rejected the State's contention that the appellate court lacked jurisdiction because court supervision was not a "sentence" and defendant had nothing to appeal, since Supreme Court Rule 604(b) gave defendant the right to appeal the "finding of guilt" made by the trial court prior to entering the order of court supervision, and the appellate court also rejected defendant's claim that the trial court improperly shifted the burden of proof to him when, in denying his motion for a directed finding at the close of the State's case, the court observed that he had not refuted the State's evidence, because at that point in the trial, defendant could have rested his case and argued that the State had not proved his guilt beyond a reasonable doubt, but in any case, the trial court's finding that defendant was guilty was supported by proof beyond a reasonable doubt, especially in view of defendant's inconsistent versions of the incident leading to the citation. |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 11-TR-1416; the Hon. S. Scott Shipplett, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Melissa Maye and Verlin R. Meinz (argued), both of State Appellate
Defender's Office, of Ottawa, for appellant.

John T. Pepmeyer, State's Attorney, of Galesburg (Terry A. Mertel and
Laura E. DeMichael (argued), both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE WRIGHT delivered the judgment of the court,
with opinion.
Justices Lytton and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1     Following a bench trial, the trial court found defendant guilty of reckless driving and sentenced defendant to six months of court supervision. 625 ILCS 5/11-503(a) (West 2010). Defendant appeals on the grounds that the State failed to prove him guilty beyond a reasonable doubt and he had an unfair trial. Initially, the State argues this court lacks jurisdiction to consider an appeal from an order of court supervision. We reject the State's contention and exercise our jurisdiction to address the merits of this appeal. We affirm the trial court's decision finding defendant guilty of reckless driving.

¶ 2                                         FACTS

¶ 3     On March 4, 2011, defendant and his current girlfriend were traveling in defendant's truck during a heavy rainstorm when defendant noticed he was being closely followed by another vehicle, driven by his ex-girlfriend, Carla Dorethy. Defendant unexpectedly applied his brakes causing Carla's vehicle to collide with defendant's truck. Shortly thereafter, Knox County Sheriff's Deputy Keith King arrived at the scene. After a brief investigation of the incident, the officer issued defendant a citation for reckless driving and issued a citation to Carla for following too closely. Defendant pled not guilty and requested a bench trial.

¶ 4     During the bench trial, Deputy King testified that it was pouring rain when he arrived on the scene of a traffic accident around 6 p.m. and observed people arguing in the roadway. During his investigation at the scene, King learned Carla Dorethy was defendant's ex-girlfriend, who had become upset after observing defendant with another woman in his truck. According to Deputy King, he determined Carla was following defendant's vehicle too closely and, consequently, was unable to stop her vehicle to avoid a collision when defendant suddenly applied his brakes.

¶ 5     At the scene, both defendant and his current girlfriend told the officer that defendant

suddenly applied his brakes in response to the unexpected appearance of a deer on the roadway immediately before the collision. While on the scene, defendant told the officer that Carla was driving approximately one foot behind his truck, when the deer ran in front of his truck, requiring him to suddenly apply his brakes.

¶ 6    Based on his investigation, King surmised the incident involved a "domestic situation" and concluded defendant "brake-checked" Carla because defendant wanted to cause Carla "trouble and be issued a citation." King issued a ticket to Carla for following too closely and also issued a ticket to defendant for reckless driving.

¶ 7    Carla testified that on March 4, 2011, she was driving her own vehicle, in a heavy rain, following defendant's truck, shortly after an argument with defendant. According to Carla, defendant suddenly slammed on his brakes, causing Carla's vehicle to collide with defendant's truck. Carla did not observe anything in the roadway that may have caused defendant to apply his brakes.

¶ 8    The trial court denied defendant's request for a directed verdict, stating:

"[I]f [defendant] did brake, which appears to be the evidence, in the highway, then he needed to have a reason; and until–if he offers a reason, that would make–but that would perhaps explain why you would brake in the middle of the highway. I mean, I don't think the evidence was from her that she didn't see anything–or any reason in front of him to brake and he braked."

¶ 9    Following the ruling on the directed finding, defendant testified on his own behalf. Defendant explained he knew Carla was following him while he drove along Knox County Highway 10 after having an argument with her. During his testimony, defendant stated he applied his brakes when a "deer or a coyote or somethin' " ran out in front of his truck. Defendant testified that he did not intentionally cause the collision, and he stated during his cross-examination he was unaware of how close Carla was to his truck when he applied his brakes.

¶ 10   At the close of all the evidence and following arguments, the court found defendant's testimony was not credible, in part, because he originally told King that Carla's vehicle was approximately one foot from his rear bumper, but at trial, he stated he could not remember how far Carla was behind him. The trial court entered a finding of guilty and ordered defendant to pay a fine of $125 as a condition of six months of court supervision.

¶ 11   After a hearing on July 27, 2011, the trial court denied defendant's timely motion for a new trial. The trial court noted defendant's testimony that an animal crossed in front of his truck was not supported by any other evidence and the court "didn't accept" defendant's testimony because defendant could not describe the distance between Carla's vehicle and his truck. Defendant appeals.

¶ 12                                         ANALYSIS

¶ 13   On appeal, defendant argues he was denied his right to a fair bench trial. Defendant also challenges the finding of guilt on the grounds that the State's evidence did not establish his guilt of reckless driving beyond a reasonable doubt.

¶ 14    Avoiding a discussion of the merits of either issue, the State adopts a narrow reading of Illinois Supreme Court Rule 604(b) (eff. July 1, 2006) and argues this court lacks jurisdiction to consider these issues. The State asserts Rule 604(b) prohibits this defendant from filing an appeal after being "placed under supervision" by the trial court. Alternatively, the State submits that the trial court properly found defendant guilty of reckless driving.

¶ 15    We address the issue concerning our jurisdiction first. The State maintains that a defendant who receives an order of supervision has not received a "sentence" as defined by statute. 730 ILCS 5/5-1-19 (West 2010) (sentence is the disposition imposed by the court on a convicted defendant). The State claims that, without a sentence and ensuing judgment, there is nothing to appeal. According to the State's theory, any offender receiving court supervision based on a finding of guilt may not appeal the court's finding unless a violation of court supervision occurs, presumably within the first 30 days after the guilty finding, thereby triggering a conviction and allowing for a timely appeal of the initial trial court proceedings.

¶ 16    Surprisingly, during oral arguments before this court, the State emphasized the language of Rule 604(b) requires an offender to refuse the opportunity to receive court supervision, after a finding of guilt, in order to preserve the right of review pursuant to Rule 604(b). The State's impractical interpretation of the language of Rule 604(b) requires an offender who is eligible for supervision to choose between the benefits of a sentence of court supervision, which enables an offender to avoid a conviction, and the fundamental right to an appeal. We conclude the plain language of Rule 604(b) does not require any offender to make such a difficult choice.

¶ 17    At the onset, we note many offenders are not eligible for court supervision after a finding of guilt. See 730 ILCS 5/5-6-1(c) through (p) (West 2010). Of those who qualify to be placed under an order of supervision (primarily first offenders), only those who comply with the terms of the trial court's order will be allowed to successfully avoid a conviction on their record. We do not believe the supreme court, by enacting Rule 604(b), intended those select persons who are eligible to be placed under an order of court supervision, and thereafter comply with the terms of the court order, must be denied access to appellate review of alleged trial court errors. Whether an offender complies or violates the terms of court-ordered supervision, a person, such as this defendant, who is placed under supervision by the trial court is clearly entitled to pursue an appeal from a finding of guilt. Our conclusion is supported by the plain language of the rule itself.

¶ 18    Significantly, Rule 604(b) applies to appeals following an order of supervision. The rule is entitled "*Appeals When Defendant Placed Under Supervision* or Sentenced to Probation, Conditional Discharge or Periodic Imprisonment." (Emphasis added.) This rule provides in relevant part:

    "A defendant who has been *placed under supervision or found guilty* and sentenced to probation or conditional discharge *** may appeal from the judgment and may seek review of the conditions of supervision, or of *the finding of guilt* or the conditions of the sentence, or both." (Emphases added.) Ill. S. Ct. R. 604(b) (eff. July 1, 2006).

¶ 19    Rule 604(b) explicitly states any defendant placed under court supervision "may seek

review of the conditions of supervision, or of *the finding of guilt*." (Emphasis added.) Ill. S. Ct. R. 604(b) (eff. July 1, 2006). Clearly, this defendant is seeking review of the "finding of guilt," which preceded his order of court supervision, as explicitly allowed by Rule 604(b). Therefore, we conclude Rule 604(b) gives rise to our authority to consider this appeal no matter how far the State attempts to stretch the language of the rule with respect to the term "sentence."

¶ 20    Turning to the merits of this appeal, defendant argues the trial court improperly shifted the burden of proof to the defense when denying defendant's motion for a directed finding at the conclusion of the State's case. Defendant is most troubled by the trial court's observation that the defense, at that juncture of the trial, had not refuted the State's evidence that the sudden braking was unnecessary based on the conditions of the roadway.

¶ 21    We conclude the court's comments did not improperly shift the burden of proof at trial to the defense. Here, the court merely denied the motion for a directed finding after properly evaluating the evidence in the light most favorable to the State, for purposes of this motion. Defendant could have rested his case at that point in time and argued the very same evidence did not meet the State's higher burden of proof at the conclusion of trial, which requires proof beyond a reasonable doubt. We conclude the trial court did not improperly shift the burden of proof to the defense.

¶ 22    Next, we consider whether the trial court's ultimate finding of guilt, at the conclusion of the trial, was supported by proof beyond a reasonable doubt concerning the offense of reckless driving. In this case, defendant claims the State's evidence failed to prove he acted with a willful disregard for the safety of other persons or property as charged.

¶ 23    The statute provides a person commits reckless driving when he drives any vehicle with a willful or wanton disregard for the safety of persons or property. 625 ILCS 5/11-503(a) (West 2010). Willful is synonymous with knowing and intentional. 720 ILCS 5/4-5 (West 2010); *People v. Parr*, 130 Ill. App. 2d 212, 221 (1970). The required mental state for reckless driving is often implied by the manner in which defendant operated his vehicle. See *People v. Stropoli*, 146 Ill. App. 3d 667, 670-71 (1986).

¶ 24    When challenging the sufficiency of the evidence, the standard of review is whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When a trial court receives conflicting versions of the events from the witnesses, the credibility of witnesses, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence are matters within the province of the trier of fact. *People v. Ross*, 229 Ill. 2d 255, 272 (2008).

¶ 25    In this case, the investigating officer testified that, on the night of the accident, defendant told him that Carla was following just one foot behind his truck during a heavy rain, when a deer crossed the road. However, during defendant's trial testimony, he provided the court with a slightly different version of the events by stating he did not know how close Carla's vehicle was in relation to his truck and by adding the animal may have been a coyote. In addition, the court received conflicting testimony from the witnesses regarding the sudden appearance of any animal on the roadway. Carla testified she did not see anything on the

roadway warranting a sudden stop by defendant. Both defendant and his passenger told the officer a four-legged creature crossed the road.

¶ 26    The court was called upon to resolve the differences between the testimony of these witnesses and defendant's slightly inconsistent versions provided to the officer at the scene and the court during his testimony at trial. When performing this task, the trial judge indicated he did not "accept" defendant's version of the events, because defendant testified he did not know the distance between the two vehicles just before he braked.

¶ 27    It is not within the province of this court to substitute our view for that of the trial court with respect to findings of fact. *People v. Belk*, 326 Ill. App. 3d 290, 296 (2001) (a reviewing court will not substitute its judgment for that of the trier of fact on issues of the weight of the evidence or the credibility of the witnesses). After carefully reviewing the record in this case, we conclude the evidence was sufficient to prove defendant guilty beyond a reasonable doubt.

¶ 28                                                    CONCLUSION
¶ 29    For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

¶ 30    Affirmed.