# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Love, 2013 IL App (3d) 120113**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERONICA A. LOVE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0113 |
| Filed | September 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for driving under the influence of alcohol was reversed and the cause was remanded for a new trial where the trial court's instruction to the jury on the conversion factor applicable to converting defendant's blood serum alcohol content to whole blood alcohol content did not comply with the rules of evidence concerning judicial notice because the instruction lacked language advising the jury that it was not mandated to accept the identified conversion factor or adopt the calculations based on a formula using the conversion factor, and that error was not harmless. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 11-DT-103; the Hon. Ronald J. Gerts, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Jamie J. Boyd, State's Attorney, of Kankakee (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE WRIGHT delivered the judgment of the court, with opinion.

Justices Carter and Holdridge concurred in the judgment, and opinion.

**OPINION**

¶ 1        The State charged defendant, Veronica A. Love, with driving while under the influence of alcohol (DUI) in violation of section 11-501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(2) (West 2010)). During the State's case-in-chief, the court took judicial notice of the applicable conversion factor for blood serum alcohol content to whole blood alcohol content. Defendant requested the court to first inform the jury of the conversion factor as part of the formal jury instructions. However, ultimately, defendant objected to the language incorporated into the non-Illinois Pattern Jury Instruction (IPI) submitted to the jury. Following a guilty verdict, the trial court sentenced defendant to serve a term of court supervision. Defendant appeals, arguing that language in the non-IPI instruction was improper and the State's evidence did not establish her guilt for DUI beyond a reasonable doubt. We reverse and remand for a new trial.

¶ 2                                          FACTS

¶ 3        The jury received the following evidence. On the night of April 15, 2011, defendant was present at her friend Michael Caspers' restaurant, located in Momence, for about three hours while celebrating Caspers' sixty-first birthday. During the celebration, Caspers served defendant two vodka drinks, and other bartenders may have served her additional drinks. Shortly after midnight, defendant left the party and drove away in her vehicle. Ten minutes after she left, Caspers received a telephone call from defendant explaining she had driven off the road about 2.5 miles from the restaurant. Caspers and his two daughters drove to the scene to check on defendant. Upon arrival, Caspers observed defendant sitting in her car, which was parked on the north side of the road. Defendant was crying, thought her leg was broken, and stated she ran off the roadway.

¶ 4        While at the scene, Caspers noticed that the car's driver's-side mirror was hanging down by its cable, the driver's side of the vehicle had visible scratches, the windshield was cracked,

and the passenger-side rear tire was both flat and shredded. On the south side of the road, trees were damaged and a road sign was bent. About 100 yards away, Caspers noticed shreds of a rubber tire on the road.

¶ 5 Caspers testified that he was a former police sergeant, Breathalyzer operator, and accident reconstruction specialist. In his opinion, defendant was not under the influence of alcohol. Caspers believed that defendant had blown a tire, causing her to lose control and drive off the road. Casper opined that once defendant regained control of her car, she drove back on the road, and parked on the shoulder.

¶ 6 Caspers' daughters offered to take defendant to the hospital and Caspers loaded defendant into his daughters' car before returning to his restaurant. Shortly thereafter, Caspers received a call from his daughters informing him defendant refused to go to the hospital and was walking down the side of the road. Caspers returned to the scene and pleaded with defendant to go to the hospital. When defendant refused, Caspers' daughter called 911. Three police officers and an ambulance arrived at the scene.

¶ 7 Kankakee County Sheriff's Deputy Brooke Payne, one of the responding officers, testified that when she arrived, defendant was on a stretcher in the ambulance. Payne asked defendant for her driver's license but defendant stated that she did not know where her purse was. Payne advised defendant her purse was next to defendant on the stretcher. Thereafter, defendant removed her wallet from the purse but was unable to retrieve her license from the wallet. Payne detected a hint of alcohol emanating from defendant and observed that defendant's eyes were red and bloodshot. Defendant explained that her vehicle had gone off the road, but she was not sure why. Payne did not notice whether the vehicle's tire was flat and shredded, but did observe tire tracks leading from the south side of the roadway into a ditch and then back onto the road. Payne concluded that defendant had driven off the road and interpreted the accident to indicate defendant was under the influence of alcohol.

¶ 8 Payne spoke to defendant again at the hospital, where she detected a stronger odor of alcohol than the odor she detected in the ambulance. Payne placed defendant under arrest for DUI and requested that defendant submit to chemical testing for alcohol. Defendant refused the officer's request for chemical testing. Defendant was later charged with DUI under section 11-501(a)(2) of the Illinois Vehicle Code (Code). 625 ILCS 5/11-501(a)(2) (West 2010).

¶ 9 Registered nurse Katen Hertzberg treated defendant at the hospital. Hertzberg testified that defendant smelled of alcohol and admitted to consuming alcohol. She testified that, in the regular course of providing medical treatment, she drew defendant's blood and subjected it to a blood alcohol test.

¶ 10 The State offered into evidence the blood alcohol test report created by the hospital. Defendant objected to the report, arguing that it did not meet the requirements of a business record, in part because the report stated: "Results are intended to be used for medical purposes only and not for legal or employment purposes."

¶ 11 The court overruled the defense's objection and admitted the report as a business record under section 11-501.4(a) of the Code. 625 ILCS 5/11-501.4(a) (West 2010). The court explained that defendant's concerns about the veracity of the document were relevant to the

weight the jury would give the document, but did not affect its admissibility. The hospital test record indicated defendant's serum blood alcohol level was 190 milligrams per deciliter.

¶ 12 Outside the presence of the jury, the State requested that the court take judicial notice of the fact that 1.18 is the proper conversion factor to convert a serum blood alcohol level to whole blood alcohol level. In support of its request, the State cited to a provision of the Illinois Administrative Code (Administrative Code), which states, "The blood serum or blood plasma alcohol concentration result will be divided by 1.18 to obtain a whole blood equivalent." 20 Ill. Adm. Code 1286.40, amended at 33 Ill. Reg. 8529 (eff. June 4, 2009). Defendant argued that if the court were to take judicial notice of the conversion factor, it would need to wait until the jury instruction phase to inform the jury. The court agreed. After taking judicial notice of the conversion factor, the court reminded the parties that a non-IPI instruction would be given to the jury explaining that the court had taken judicial notice of the conversion factor.

¶ 13 After the close of evidence, the court held a jury instructions conference. The State tendered a proposed non-IPI instruction, along with a copy of section 1286.40, title 20, of the Administrative Code. The defendant objected to the language in the State's proposed instruction. The court adapted the proposed instruction, creating what would become People's jury instruction No. 13, which was given to the jury. The instruction read:

"In the course of this case, you have heard testimony about the results of a blood draw. There are two ways to measure blood alcohol concentration: by serum levels or by what is called whole blood. Whole blood is [the] standard used by law enforcement and legal proceedings, and it can be calculated by converting the serum level to the whole blood equivalent. In this case, the testimony was that the serum level was .190. The blood serum or blood plasma alcohol concentration results will be divided by 1.18 to obtain a whole blood equivalent. After conversion, the whole blood equivalent is .161."

¶ 14 The jury was also given Illinois Pattern Jury Instructions, Criminal, No. 23.30 (4th Supp. 2009) (hereinafter IPI Criminal 4th No. 23.30 (Supp. 2009)), which instructed, in part:

"If you find that at the time the defendant drove a vehicle that the amount of alcohol concentration in the defendant's blood or breath was 0.08 or more, you may presume that the defendant was under the influence of alcohol. You never are required to make this presumption. It is for the jury to determine whether the presumption should be drawn. You should consider all of the evidence in determining whether the defendant was under the influence of alcohol."

¶ 15 The jury returned a verdict of guilty, and the trial court sentenced defendant to two years' court supervision.

¶ 16 Defendant appeals.

¶ 17                                         ANALYSIS

¶ 18                                      A. Jurisdiction

¶ 19 The State argues that this court lacks jurisdiction to consider defendant's appeal since an order of court supervision may not result in a final judgment. The State construes the

language of Illinois Supreme Court Rule 604(b) (eff. July 1, 2006) to allow appeals from the conditions of court supervision but not from the underlying finding of guilty.

¶ 20 The Illinois Constitution prohibits appeals from nonfinal judgments. Ill. Const. 1970, art. VI, § 6. However, the state constitution grants the Illinois Supreme Court the authority to "provide by rule for appeals to the Appellate Court from other than final judgments." *Id.* Our supreme court authorizes appeals from court supervision orders in Illinois Supreme Court Rule 604(b) (eff. July 1, 2006). Rule 604(b) provides a defendant "may appeal from the judgment and may seek review of the conditions of supervision, or of the finding of guilt or the conditions of the sentence, or both." *Id.*

¶ 21 Clearly, Rule 604(b) provides a defendant the right to appeal both the finding of guilty and the conditions of supervision. See *People v. Utsinger*, 2013 IL App (3d) 110536. Therefore, under Rule 604(b), we conclude this court has jurisdiction over the present appeal and turn to the issues presented by defendant for our review.

¶ 22                                   B. Jury Instruction

¶ 23 Defendant asks this court to reverse her conviction based on an error that occurred when the court instructed the jury concerning the judicially noticed conversion factor. As a preliminary matter, we observe defendant has not requested this court to review the court's decision to allow the jury to substantively consider the hospital's blood test results showing defendant's serum blood alcohol level was 190 milligrams per deciliter.

¶ 24 Instead, defendant argues the jury instruction concerning the calculations to convert defendant's purported serum blood alcohol level to a simple blood alcohol level constitutes reversible error. Defendant claims the instruction was improper because the jury was not instructed that "it did not have to apply the conversion factor." We review a trial court's decision to give a particular jury instruction for an abuse of discretion. *People v. Mohr*, 228 Ill. 2d 53 (2008).

¶ 25 On appeal, defendant does not dispute the applicable conversion factor was 1.18, based on section 1286.40 of title 20 of the Administrative Code. Nor does defendant argue the conversion factor of 1.18 represents an adjudicative fact amenable to judicial notice. In fact, in *People v. Thoman*, 329 Ill. App. 3d 1216, 1220 (2002), the court recognized the parties could have properly asked "the trial court to take judicial notice of, and instruct the jury on, the appropriate conversion factor."[1]

¶ 26 The recently adopted Illinois Rule of Evidence 201 (eff. Jan. 1, 2011) governs judicial notice of adjudicative facts and provides judicial notice may be taken at any stage of the proceeding (Ill. R. Evid. 201(f) (eff. Jan. 1, 2011)). When a court allows a party's request to prove an adjudicative fact by judicial notice in a criminal proceeding, "the court shall inform

---

[1]Defendant suggested the evidence subject to judicial notice should be presented to this jury by the court and in the form of a jury instruction. Hence, we do not express an opinion with respect to whether the purported instruction error could have been avoided if the State simply had published the judicially noticed fact to the jury before the State rested its case.

the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Ill. R. Evid. 201(g) (eff. Jan. 1, 2011). This directive that the jury may accept or reject judicially noticed facts is rooted in the criminal defendant's constitutional right to a jury trial. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §§ 8, 13; see Fed. R. Evid. 201, Notes of Committee on the Judiciary ("mandatory instruction to a jury in a criminal case to accept as conclusive any fact judicially noticed is inappropriate because contrary to the spirit of the Sixth Amendment right to a jury trial").

¶ 27 Consequently, we next focus on the language of the jury instruction at issue to determine whether it complies with the mandates of Rule 201. The instruction provides:

> "In this case, the testimony was that the serum level *was* .190. The blood serum or blood plasma alcohol concentration results will be divided by 1.18 to obtain a whole blood equivalent. After conversion, the whole blood equivalent *is* .161." (Emphases added.)

Obviously, the instruction did not include any cautionary language advising the jury it was not mandated to accept the identified applicable conversion factor *or adopt the calculations* based on a formula using this conversion factor and other contested facts of record.

¶ 28 It is significant to the outcome of this issue that the instruction submitted to this jury was not limited to the single judicially noticed adjudicative fact, that is, the applicable conversion factor set out in the Administrative Code. Instead, the instruction contained another reference to a second significant piece of evidence, defendant's purported blood serum level, which was *not* subject to judicial notice and had been introduced to the jury during the testimony of nurse Hertzberg. Consequently, the non-IPI instruction became somewhat testimonial in that the court provided the calculations for the jury using a formula that included a contested fact, the defendant's actual blood serum level, multiplied by the conversion factor of 1.18. The instruction declared, "[a]fter conversion, the whole blood equivalent *is* .161." (Emphasis added.) Therefore, we conclude the court erred by submitting this jury instruction in this case because it does not comply with the rules of evidence concerning judicial notice.

¶ 29 Next, we examine whether the court's error was harmless. In this context, we must ask: " 'Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?' " *Rivera*, 227 Ill. 2d at 21 (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

¶ 30 In another instruction, the jury learned that *if* it found defendant's whole blood alcohol content was greater than 0.08, it "may" presume that defendant was "under the influence of alcohol." IPI Criminal 4th No. 23.30 (Supp. 2009). However, the judicial notice instruction submitted to the jury, over defendant's objection, did not contain similar limiting language suggesting the jury was not mandated to conclude defendant's blood alcohol level was 0.161. The jury could have easily viewed the calculation included a mandated fact showing defendant's blood alcohol level twice the amount, namely 0.08, that supported a strong but permissive presumption of intoxication. Thus, we conclude the instructional error contained in this record should not be viewed as harmless.

¶ 31                                  C. Reasonable Doubt

¶ 32 Defendant also requests this court to reverse the conviction in this case because the State

failed to prove beyond a reasonable doubt that defendant was driving while "under the influence," an essential element of a conviction for DUI under section 11-501(a)(2) of the Code. 625 ILCS 5/11-501(a)(2) (West 2010). If defendant succeeds upon this claim, principles of double jeopardy demand that defendant be acquitted without retrial. *Burks v. United States*, 437 U.S. 1 (1978); *People v. Woodall*, 61 Ill. 2d 60 (1975).

¶ 33    When reviewing a challenge to the sufficiency of the evidence, this court must determine whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found all the statutory elements of the crime proved beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). The *Collins* standard is less exacting than the harmless error standard because the *Collins* standard considers the evidence in a light most favorable to the State and asks whether *any* rational trier of fact *could* have found the elements of the crime beyond a reasonable doubt.

¶ 34    Significantly, defendant was charged with DUI under section 11-501(a)(2) of the Code. 625 ILCS 5/11-501(a)(2) (West 2010). Subsection (a)(2) proscribes a person from driving a vehicle while "under the influence of alcohol." *Id.* The issue on appeal is whether the State proved beyond a reasonable doubt that defendant was under the influence of alcohol even though she refused to submit to chemical testing pursuant to the officer's request. "[U]nder the influence of alcohol" means under the influence to a degree that renders the driver incapable of driving safely. *People v. Weathersby*, 383 Ill. App. 3d 226, 229 (2008).

¶ 35    Intoxication is a question of fact and may be proved in a number of ways. *People v. Hires*, 396 Ill. App. 3d 315 (2009). Circumstantial evidence alone may be sufficient to prove a defendant guilty of DUI. *People v. Diaz*, 377 Ill. App. 3d 339 (2007). Likewise, testimony from the arresting officer alone may be sufficient to prove guilt beyond a reasonable doubt. *People v. Janik*, 127 Ill. 2d 390 (1989). Specifically, testimony that a defendant's breath smelled of alcohol and that her eyes were glassy and bloodshot is relevant evidence of the influence of alcohol. *People v. Elliott*, 337 Ill. App. 3d 275 (2003). If a defendant refuses to submit to chemical testing, that can be evidence of her consciousness of guilt. *People v. Jones*, 214 Ill. 2d 187 (2005).

¶ 36    In this case, defendant admitted she consumed alcohol but denied she was under the influence. Similarly, her friend, Caspers, confirmed defendant consumed alcohol shortly before the accident but opined the accident resulted from a blown tire. In contrast, Officer Payne testified she detected an odor of alcohol emanating from defendant and that defendant's eyes were red and bloodshot. The officer noticed defendant was confused about the location of her personal property, considered the circumstances of the accident, and concluded defendant was under the influence. Once at the hospital, the officer noticed an even stronger odor of alcohol about the defendant's person and requested defendant to consent to testing to determine her blood alcohol level. Defendant refused Payne's request for chemical testing for alcohol, evidencing her consciousness of guilt. In addition, the attending nurse at the hospital smelled alcohol emanating from defendant and the hospital blood serum test result confirmed the presence of alcohol in defendant's body, regardless of the precise amount. In addition, the jury received testimony revealing defendant exhibited unusual behavior when Caspers and his daughters attempted to transport her to the hospital.

¶ 37    We conclude this evidence, viewed in the light most favorable to the State, would be sufficient to prove defendant guilty beyond a reasonable doubt of DUI under section 11-501(a)(2) of the Code, even without the conversion factor subject to the jury instruction pertaining to judicial notice. Therefore, we decline to reverse defendant's conviction outright due to the insufficiency of the evidence. However, her conviction is reversed and the cause remanded for a new trial with a properly instructed jury.

¶ 38                               CONCLUSION

¶ 39    The decision of the circuit court of Kankakee County is reversed. The cause is remanded for further proceedings consistent with this opinion.

¶ 40    Reversed and remanded.