2020 IL App (5th) 170131-U

NO. 5-17-0131

NOTICE

Decision filed 01/16/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 14-CF-184 |
| | ) | |
| ROY AUSTIN RECTOR, | ) | Honorable |
| | ) | Walden E. Morris, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Overstreet and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Appointed appellate counsel for the defendant is granted leave to withdraw, and the judgment of the circuit court is affirmed, where the court properly admonished the defendant at the guilty-plea hearing and did not abuse its discretion in sentencing the defendant, and where the record does not disclose any reason to disturb the judgment.

¶ 2    Pursuant to a fully negotiated agreement with the State, the defendant, Roy Austin Rector, pleaded guilty to a felony charge and a misdemeanor charge and was sentenced to probation. He subsequently violated multiple conditions of his probation, and probation was revoked. After a hearing, the circuit court sentenced the defendant to incarceration. The defendant perfected the instant appeal, and the circuit court appointed the Office of

1

the State Appellate Defender (OSAD) to represent him herein. OSAD has concluded that this appeal lacks merit, and on that basis it has filed a motion to withdraw as counsel, along with a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967). OSAD has provided the defendant with a copy of its *Anders* motion and brief. This court has provided the defendant with ample opportunity to reply to OSAD's motion by filing a *pro se* brief, memorandum, etc., explaining why the motion should not be granted or why the judgment should not be affirmed, but the defendant has not filed any such document with this court. After examining OSAD's motion and brief and the entire record on appeal, this court has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of conviction is affirmed.

¶ 3                                      BACKGROUND

¶ 4      In July 2014, the State filed an information charging the defendant with criminal damage to property in excess of $300, a Class 4 felony (720 ILCS 5/21-1(a)(1) (West 2014)), and aggravated assault, a Class A misdemeanor (*id.* § 12-2(a)).

¶ 5      On December 9, 2014, the defendant, his public defender, and an assistant State's attorney appeared in open court and announced that a plea agreement had been reached. Under the terms of the agreement, the defendant would plead guilty to both charges in the instant case in exchange for the State's recommendation that he be sentenced to probation for a period of 30 months for the criminal-damage charge and for a period of 24 months for the aggravated-assault charge. The conditions of probation included, *inter alia*, that the defendant not violate any criminal statute, that he not leave Illinois without the prior

2

consent of the court or of the probation office, that he complete a substance-abuse evaluation and all recommended substance-abuse treatment, that he refrain from having in his body any illicit drug, and submit to drug testing, and that he serve 15 consecutive weekends in the county jail. For the criminal-damage charge, probation included additional conditions, including that the defendant pay a fine of $1000, pay restitution in the amount of $1129.10, and pay various fees and costs. In addition, an unrelated misdemeanor charge in a separate case would be dismissed.

¶ 6    The court admonished the defendant as to the nature of the charges and the possible penalties, including imprisonment for a term of one year to three years for the criminal-damage charge and incarceration for up to 364 days for the aggravated-assault charge, and the defendant indicated his understanding. The court admonished the defendant as to his right to plead guilty or not guilty, his right to a trial by a judge or by a jury, the presumption of innocence, the State's burden of proof, his right to confront and to cross-examine witnesses against him, his right to call witnesses, and his right to testify or to remain silent, and the defendant indicated his understanding of these various rights and legal principles. Finally, the court admonished the defendant that if he pleaded guilty, he would be "waiving or giving up all of those rights" and no trial would be held, and the defendant indicated his understanding. The defendant acknowledged signing a written plea of guilty, and he indicated that nobody had threatened, coerced, or intimidated him into signing it, and nobody had promised him anything other than the sentence recommendation and the dismissal of the unrelated misdemeanor charge in the other case. The assistant State's attorney provided a factual basis for the plea; essentially,

3

the defendant had threatened another man with a knife and then used the knife to scrape that other man's vehicle, causing damage in the amount of $1129.10. The defendant pleaded guilty to each of the two charges. The court found that a factual basis for the pleas existed and that the defendant's pleas were knowing and voluntary. The defendant waived preparation of a presentence investigation report, and the assistant State's attorney informed the court that the defendant did not have any prior criminal conviction. The court imposed the agreed-upon sentences.

¶ 7    On December 15, 2014, six days after the plea and sentencing, the defendant and the probation office signed a "payment plan agreement" that the defendant would pay a minimum of $50 per month toward his fine, restitution, etc.

¶ 8    In March 2015, the State filed a petition charging violations of probation. The State alleged that the defendant, while on probation in the instant case, committed theft, failed to make payments according to the payment plan, failed to attend drug- or alcohol-counseling sessions, and repeatedly either admitted to using marijuana or tested positive for THC, the main psychoactive compound in marijuana. In February 2016, the State filed an amended probation-violation petition. The amended petition included all of the allegations contained in the original petition, plus allegations that on February 8, 2016, the defendant was in Arkansas, without having obtained the court's or the probation office's consent to his leaving Illinois, and there committed two property crimes.

¶ 9    On October 18, 2016, the circuit court held a hearing on the probation-violation petition. The State's sole witness, a probation officer, testified about the defendant's

4

failure to make the monthly payments required under the payment plan agreement, his failure to attend drug-counseling sessions as required, his repeated admissions to using marijuana and repeated positive tests for that drug, and his traveling to Arkansas without prior approval. The defendant did not testify or offer any other evidence. The court found that the State had proved the allegations of nonpayment, failure to attend drug-counseling sessions, marijuana use, and leaving Illinois without permission. The court ordered the preparation of a presentence investigation report (PSI) and scheduled a sentencing hearing.

¶ 10 In December 2016, the probation office submitted its PSI on the defendant. Attached to the PSI was a written statement from the defendant, wherein he stated that he "would rather have all weekends and fines [*sic*] do not want any probation."

¶ 11 On February 1, 2017, the court held a sentencing hearing. No witness testified. The defendant made a very brief statement in allocution, telling the court that he did not attend substance-abuse counseling for the simple reason that he was waiting to hear from TASC first, and TASC never contacted him. Defense counsel asked the court to readmit the defendant to probation. The court found that "a sentence of continued probation would deprecate the seriousness of [the defendant's] violations and be inconsistent with the ends of justice." The court revoked the defendant's probation and sentenced the defendant as follows: for the felony offense of criminal damage to property in excess of $300, imprisonment for a term of three years; and for the misdemeanor offense of aggravated assault, incarceration in the county jail for 364 days, with the sentences to run

5

concurrently. In explaining these sentences, the court stated that a sentence of probation would be inappropriate for a defendant who did not want to be on probation.

¶ 12 The defendant filed a timely motion to reduce sentence. Therein he claimed that his sentences were excessive and that the court had failed to give due consideration to the imminent birth of his child.

¶ 13 On April 4, 2017, plea counsel filed a certificate of compliance with Illinois Supreme Court Rule 604(d), and the circuit court held a hearing on the defendant's motion to reduce sentence. At that hearing, the defendant testified that his second child was due to be born in just two months, and he needed to "be there for [his] family." The defendant acknowledged that he had "a drug problem" and stated that he had applied for admission to a "drug class" at his prison. If released from prison and placed on probation, the defendant testified, he would enroll in a "drug class" at Egyptian Health and would take all of the steps necessary to end his use of drugs. The defendant explained that during his initial period of probation, he did not realize that he had a drug problem, and therefore he did not cooperate with drug treatment. He did not realize until he was sentenced to prison that he had a drug problem and that he needed to stop using drugs. During argument, the defendant's attorney asked the court to resentence the defendant to probation or, in the alternative, to reduce his prison sentence from three years to one year.

¶ 14 On April 5, 2017, the court entered a docket-entry order denying the defendant's motion to reduce sentence. The defendant filed a timely notice of appeal from that order,

6

thus perfecting the instant appeal.  The circuit court appointed OSAD to represent the defendant herein.

¶ 15                                    ANALYSIS

¶ 16    As previously mentioned, OSAD has concluded that this appeal lacks merit, and it accordingly has filed an *Anders* motion to withdraw as the defendant's attorney.  In its *Anders* brief, OSAD presents two potential issues on appeal, *viz.*: (1) whether the circuit court properly admonished the defendant at the guilty-plea hearing, and (2) whether the circuit court erred in denying the defendant's motion to reduce sentence.  Neither issue has any merit whatsoever.

¶ 17    First, this court notes that in the circuit court, the defendant never asserted that he was improperly admonished at the guilty-plea hearing, and he never filed a motion to withdraw his guilty pleas, whether on that basis or on any other basis.  (In its *Anders* brief, OSAD failed to mention these facts.)  The defendant thus forfeited the improper-admonishments argument for review.  See Ill. S. Ct. R. 604(d) (eff. July 1, 2006).  This type of issue can potentially be reviewed as plain error.  *People v. Fuller*, 205 Ill. 2d 308, 322-23 (2002).  However, relief under the plain-error rule is impossible unless a clear or obvious error occurred.  *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).  (In its *Anders* brief, OSAD failed to discuss forfeiture or the plain-error rule.)

¶ 18    Under Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), a circuit court may not accept a criminal defendant's guilty plea without first informing the defendant (1) of the nature of each charge he faces, (2) of the minimum and maximum sentences

7

prescribed by law, (3) that he has a right to plead guilty or not guilty, and (4) that by pleading guilty, he waives his right to a trial and his right to be confronted with the witnesses against him, and without also determining that the defendant understands all of these matters. The purpose of Rule 402(a) is to ensure that the demands of due process are satisfied in the guilty-plea context. *Fuller*, 205 Ill. 2d at 322. The circuit court must substantially comply with Rule 402(a); that is, the record must show affirmatively and specifically that the defendant understood the enumerated admonishments. *People v. Campbell*, 2015 IL App (3d) 130614, ¶ 16. Whether a circuit court has properly admonished a defendant and has substantially complied with Rule 402(a) is a question that this court reviews *de novo*. *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14. (In its *Anders* brief, OSAD failed to specify a standard of review for this issue.)

¶ 19 In the instant case, the transcript of the plea hearing, summarized *supra*, makes clear that the circuit court thoroughly admonished the defendant as to the points enumerated in Rule 402(a), and the defendant understood the admonishments. The court fully complied with Rule 402(a). No error, let alone a clear and obvious error, occurred in the court's admonishment of the defendant. The record affirmatively and specifically shows that the defendant's guilty pleas were made voluntarily, knowingly, and intelligently. See *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (the voluntary-and-understanding nature of a guilty plea cannot be presumed from a silent record; it must be affirmatively shown in the record).

¶ 20 As for the circuit court's denial of the defendant's motion to reduce sentence, again no error occurred. A circuit court has broad discretion in imposing a sentence.

8

*People v. Stacey*, 193 Ill. 2d 203, 209 (2000). If a sentence imposed by a circuit court is within the statutory range, a reviewing court will presume that the sentence is proper. *People v. Charleston*, 2018 IL App (1st) 161323, ¶ 16. Furthermore, a reviewing court will accord such a sentence "great deference" owing to the circuit court's superior position "to consider the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15. A reviewing court may not alter a sentence absent an abuse of the circuit court's discretion. *Stacey*, 193 Ill. 2d at 209-10. An abuse of discretion will be found only where the sentence is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Id.* at 210.

¶ 21 Here, the defendant's three-year sentence of imprisonment for criminal damage to property in excess of $300 and his 364-day sentence of incarceration for aggravated assault are both within the statutory ranges. The former offense was a Class 4 felony (720 ILCS 5/21-1(d)(1)(F) (West 2014)) punishable by imprisonment for one to three years (730 ILCS 5/5-4.5-45(a) (West 2014)), and the latter offense was a Class A misdemeanor (720 ILCS 5/12-2(d) (West 2014)) punishable by incarceration for "a determinate sentence of less than one year" (730 ILCS 5/5-4.5-55(a) (West 2014)). Therefore, the sentences are presumed proper.

¶ 22 Furthermore, nothing in the record suggests that the sentences are contrary to the spirit or purpose of the law, or that they are manifestly disproportionate to the nature of the offenses. The circuit court was in the best position to evaluate the defendant and his demeanor, habits, etc. At the first sentencing in December 2014, the court sentenced the

defendant to probation, in accordance with his plea agreement with the State. However, the defendant subsequently violated multiple conditions of his probation, *viz.*: he failed to make the required monthly payments toward his fine, restitution, etc., he failed to attend required drug-counseling sessions, he used marijuana, and he left Illinois without the prior approval of the circuit court or the probation office. Given the nature of the offenses and the defendant's highly unsuccessful performance on probation, this court cannot find fault with the sentences imposed in February 2017.

¶ 23                                    CONCLUSION

¶ 24    For all of the foregoing reasons, this court agrees with OSAD that the instant appeal has no merit. Accordingly, OSAD is granted leave to withdraw as counsel for the defendant, and the circuit court's judgment of conviction is affirmed.


¶ 25    Motion granted; judgment affirmed.