NOTICE
Decision filed 07/10/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240652-U

NO. 5-24-0652

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 22-CF-13 |
| | ) | |
| SHAWN M. WOLFF, | ) | Honorable |
| | ) | J. Marc Kelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in sentencing defendant to three years in prison upon revocation of his probation.

¶ 2    Defendant, Shawn M. Wolff, appeals his sentence of three years in prison for possession of methamphetamine, entered upon revocation of probation. He argues that the trial court abused its discretion by failing to adequately consider his rehabilitative potential and not treating evidence of his addiction as a mitigating factor. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On May 18, 2023, defendant pled guilty to one count of possession of less than five grams of a substance containing methamphetamine. 720 ILCS 646/60(a), (b)(1) (West 2020). Pursuant to a plea agreement, the State dismissed additional charges pending against defendant in another

1

case and agreed to a sentence of 56 days in the Effingham County jail, 24 months of probation, and various fees and fines. Due to prior sentencing credit for time in pretrial detention, defendant was eligible to be released that day. The conditions of his probation required defendant to (1) obtain a drug evaluation, (2) comply with treatment recommendations, (3) abstain from the use of all alcohol and illicit drugs, and (4) comply with random drug tests.

¶ 5     The State filed a petition to revoke defendant's probation in July 2023 and an amended petition to revoke probation in November 2023. The amended petition alleged that defendant violated the terms of his probation by failing to (1) successfully complete a substance abuse counseling program following his dismissal for failure to attend, (2) abstain from the use of illicit drugs, and (3) report four times to his probation officer.[1] The probation department also filed three notices of violation with the trial court, alleging that defendant failed to provide accurate contact information and failed to appear at two scheduled court hearings.

¶ 6     On January 2, 2024, the trial court held a hearing on the State's petition to revoke probation. At the hearing, defendant entered an open admission to the violations alleged in the State's petition, and the court ordered a presentence investigation report (PSI). The court advised defendant that he was eligible for an extended-term sentence with a possible sentence of 2 to 10 years in prison.

¶ 7     The probation department filed a PSI with the trial court on February 27, 2024, which indicated that defendant, a homeless, 49-year-old male, suffered from chronic obstructive pulmonary disease (COPD), emphysema, Hepatitis C, and depression. Defendant's PSI noted that defendant completed two certificates from Lake Land College while incarcerated and had been

---

[1]The petition also alleged that defendant violated his probation by committing additional offenses, including two counts of misdemeanor theft. However, the State later acknowledged that, although defendant was charged with two counts of theft while he was on probation in this case, the allegations in those charges involved events that occurred prior to defendant's plea and sentence of probation in this case. The State, therefore, agreed that the theft charges were not at issue in the petition to revoke probation.

employed by Sanitation Services, Inc. "on and off" over the previous 10 years, although defendant's probation officer could not obtain defendant's employment records to confirm this information. In addition, the PSI contained a detailed list of defendant's prior and pending criminal charges, which included convictions for 4 felonies, 3 misdemeanors, and 19 traffic violations. The PSI also revealed that the trial court revoked defendant's probation or conditional release in three prior cases and also his supervised release following a sentence in federal prison. Defendant successfully completed three substance abuse programs in 2008, 2012, and 2014. Defendant's records indicated that he participated in two additional substance abuse treatment programs with unknown results. According to defendant's own statements, he stopped using alcohol at the age of 45 and remained sober. Although defendant reported that he stopped using methamphetamine at the age of 25, he acknowledged that he resumed its use when he was 47 years old.

¶ 8      The matter came for a sentencing hearing on March 5, 2024. Both parties relied on the PSI rather than presenting additional evidence.

¶ 9      The State argued that a prison sentence was necessary because defendant had a lengthy criminal history and "multiple opportunities, as in this case, to complete probation sentences" but failed to do so successfully. The State noted that the trial court revoked defendant's probation at least once before and that defendant continued to use methamphetamine. Thus, the State requested the court sentence defendant to four years, given it was unlikely defendant would complete probation.

¶ 10     In response, defense counsel argued that defendant had admitted fault, both by pleading guilty and admitting to the violations in the State's petition to revoke probation. Defense counsel emphasized that defendant engaged in substance abuse treatment "on a number of occasions." Defense counsel next highlighted multiple "disadvantages" defendant faced, including a lengthy

3

federal prison sentence during his 20s and living on the streets for the past year-and-a-half with emphysema and COPD. In mitigation, defense counsel argued that a prison sentence would take a toll on defendant's physical and emotional health. Thus, because defendant did not pose a danger to the community at large, defense counsel requested the court impose a community-based sentence to help defendant recover from his addiction. Defendant then provided a statement in allocution. Defendant acknowledged that he pled guilty to possessing methamphetamine but denied he actually possessed the drug when police arrested him. He stated that he stopped using methamphetamine and drinking alcohol. Finally, defendant stated that he needed to find a place to live to solve his problems.

¶ 11    The trial court subsequently considered several factors in aggravation, including that defendant had a criminal history, there existed a need to deter others from committing similar crimes, defendant was unlikely to comply with the terms of a community-based sentence, and a community-based sentence would deprecate the seriousness of the offense. The court stated that "defendant, despite his lengthy criminal history, was afforded an opportunity of probation in this case. There has been little to no progress while on probation." In mitigation, the court considered that defendant had been homeless for a significant period of time and suffered from multiple medical conditions. Finally, the court addressed defendant regarding his substance use, and the following colloquy occurred:

>  "THE COURT: *** Sir, you indicate here today that you need only a home and everything will fall into place. That's not how it is, sir.
>  THE DEFENDANT: With some counseling.
>  THE COURT: Sir, you have been on probation to get counseling and to get treatment for your drug problems and it's not changed one bit. Until you address your addiction and overcome your addiction, nothing is going to fall into place for you. And despite having multiple probation sentences before and multiple failures to comply with those probations, the Court and the State gave you another shot at probation, and you made no progress on it."

4

¶ 12    The trial court subsequently imposed a sentence of three years in prison followed by a one year of mandatory supervised release (MSR). Defendant filed a motion to reconsider his sentence, which the court denied. This timely appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14    Defendant argues that the trial court abused its discretion by sentencing him to three years in prison followed by a one year of MSR, where the court "placed undue emphasis on punitive measures and failed to give adequate consideration to [defendant's] rehabilitative potential nor the complicated nature of addiction." He asks this court to reduce his sentence to the statutory minimum of two years in prison. We reject defendant's contention.

¶ 15    The Illinois Constitution requires trial courts to balance a defendant's rehabilitative potential against the seriousness of the offense in determining the appropriate sentence to impose. *People v. Blair*, 2015 IL App (4th) 130307, ¶ 33 (citing Ill. Const. 1970, art. I, § 11). This requires courts to balance the rehabilitative and retributive purposes of sentencing and to carefully consider all applicable factors in mitigation and aggravation. *Id.* Trial courts have broad discretion in sentencing. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Courts of review give great deference to the trial court's sentencing decision because the trial judge had the opportunity to observe the defendant and assess his credibility, demeanor, and general character along with other pertinent factors, such as the defendant's age, environment, habits, criminal history, and rehabilitative potential, the seriousness of the offense, the need to protect society, and the need to deter others. *People v. Smith*, 214 Ill. App. 3d 327, 338-39 (1991). We will not disturb the trial court's sentence absent an abuse of discretion. *Id.* We will find an abuse of discretion if the sentence varies greatly from the purpose and spirit of the law. *Blair*, 2015 IL App (4th) 130307, ¶ 33.

5

¶ 16    Here, defendant was convicted of a Class 3 felony (720 ILCS 646/60(b)(1) (West 2020)) and eligible for extended-term sentencing due to his prior convictions (730 ILCS 5/5-5-3.2(b)(1) (West 2022)). The nonextended-term sentence for a Class 3 felony is 2 to 5 years in prison, and the extended-term sentence is 5 to 10 years. 730 ILCS 5/5-4.5-40(a) (West 2022). Thus, defendant faced a potential sentence of 2 to 10 years. As defendant recognizes, the three-year sentence imposed by the court falls within that range. As such, it is presumptively proper. *Charleston*, 2018 IL App (1st) 161323, ¶ 16 (we presume that a sentence within the statutorily prescribed range for the offense charged constitutes a proper exercise of the trial court's discretion). Defendant nevertheless argues that the sentence was greatly at odds with the purpose and spirit of the law because the court failed to adequately consider his rehabilitative potential. We disagree.

¶ 17    Defendant raises three arguments in support of his claim. First, he contends that the PSI contradicts the trial court's conclusion that prior community-based sentences and substance abuse counseling had not worked. He emphasizes that he reported abstaining from methamphetamine use for a period of 25 years, including 13 years when he was not in prison; that he successfully completed three substance abuse programs in the past; and that he had abstained from using alcohol for nearly 5 years at the time of the sentencing hearing. However, it is undisputed that defendant relapsed and continued to use methamphetamine, both at the time of the offense in December 2021 and at the time of the sentencing hearing in March 2024. It is also undisputed that defendant failed to satisfactorily complete the substance abuse counseling program required of him as a condition of his probation in this case. A defendant's failure to learn from his mistakes is a proper factor for the court to consider in sentencing. *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 24.

¶ 18    Second, defendant highlights additional evidence of rehabilitation found in the PSI, including evidence that he earned two certificates from Lake Land College while incarcerated and

6

was employed with the same company on and off for a period of 10 years. We recognize that the court did not refer to this information in its ruling. However, the court is not required to specify on the record what evidence it considered or the basis for its decision. *Id.* ¶ 23. Moreover, where mitigating evidence is before the court, we must presume that the court considered the evidence absent some indication to the contrary. *People v. Walker*, 2021 IL App (4th) 190073, ¶ 74.

¶ 19    Third, defendant contends that the trial court should have considered evidence of his methamphetamine addiction as a factor in mitigation. We disagree. As defendant correctly points out, addiction is a factor a sentencing court *may* consider in mitigation. *People v. Young*, 250 Ill. App. 3d 55, 65 (1993); *Smith*, 214 Ill. App. 3d at 339-40. However, the trial court is not required to find that a defendant's addiction is a mitigating factor entitling him to a more lenient sentence. *Smith*, 214 Ill. App. 3d at 340. We find no abuse of discretion in the court's decision not to treat it as such in this case.

¶ 20    Finally, it is worth noting that defendant's three-year sentence is near the lower end of the prescribed sentence range. Even when a trial court imposes the maximum sentence, the presence of mitigating evidence does not automatically render that sentence an abuse of discretion. *Smith*, 214 Ill. App. 3d at 339. We simply cannot find the court abused its discretion by imposing a sentence one year above the statutory minimum.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, we affirm defendant's sentence.

¶ 23    Affirmed.